IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRVIN BLACKBURN, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 06911 |
| GENUINE PARTS COMPANY d.b.a. NATIONAL AUTOMOTIVE PARTS ASSOCIATION, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On December 6, 2016, Plaintiff, Irvin Blackburn, filed a First Amended Complaint against his former employer, Defendant Genuine Parts Company, doing business as National Automotive Parts Association ("GPC"). Blackburn alleges that GPC failed to accommodate him under the Americans with Disabilities Act ("ADA") (Count I), retaliated against him under the ADA (Count II), and that GPC interfered with his rights under both the Family and Medical Leave Act ("FMLA") (Count III) and the Employment Retirement Income Security Act ("ERISA") (Count IV). GPC moves to dismiss Counts I, III, and IV. (Dkt. 46.) For the reasons stated herein GPC's Motion to Dismiss is denied.

## BACKGROUND

Blackburn was employed by GPC from 2001 through January 9, 2015. (Dkt. 45, FAC ¶ 5.) Over those fourteen years, Blackburn experienced three injuries. First, in October 2011, Blackburn had a total hip replacement requiring short term disability leave. (FAC ¶ 17.) Blackburn alleges that when he returned to work from this injury, his coworkers placed large objects in his path to make it difficult for him to physically navigate the work place. (FAC ¶ 17.)

1

Second, Blackburn was injured in 2013 when he began to experience pain in both of his shoulders from repeatedly reaching over a tall counter to open a gate as part of his work duties. Specifically, Blackburn needed to open the gate to access supplies for other employees. (FAC ¶¶ 7-9.) In November 2013, he sought medical treatment for this pain. (FAC ¶ 9.) Based on his shoulder issues, he was disabled under the ADA, 42 U.S.C. § 12102. (FAC ¶ 10.) He requested accommodation from his managers, direct manager John Whiteside, and his area manager, Dean Smith. (FAC ¶ 13.) He suggested simply moving the lock on the gate so that the employees could open the gate without his assistance, which was an inexpensive means of providing him the accommodation. (FAC ¶ 13.) GPC ignored the request for several months and during that time, Blackburn was reprimanded for alleged performance issues in retaliation for his request for accommodation. (FAC ¶ 15.) Based on his shoulder injuries and GPC's failure to accommodate, Blackburn filed a charge against GPC with the Equal Opportunity Employment Commission ("EEOC") and he received a notice of right to sue in August 2014. (FAC ¶ 23.) Blackburn did not file a lawsuit at that time, as he eventually was granted the accommodation he sought. (FAC ¶ 21).

The third injury occurred on October 7, 2014, when Blackburn was injured in a motorcycle accident that resulted in a disability, as defined by the ADA. (FAC ¶ 26.) GPC granted Blackburn paid time off through October 15, 2014, then granted him Short Term Disability leave ("STD") and leave under the FMLA. (FAC ¶ 27.) Blackburn provided the appropriate medical records to justify his STD and FMLA requests. (FAC ¶¶ 28-30.) However, Blackburn did not receive full compensation for the month of December 2014, to which he was entitled under GPC's STD policy. (FAC ¶ 31.) Blackburn exhausted his available leave on January 7, 2015 and GPC terminated him two days later, on January 9, 2015. (FAC ¶¶ 32-33.)

GPC notified Blackburn on January 6, 2015 that he could submit an application for Long Term Disability leave ("LTD"), but that the company may have to replace him. (FAC ¶ 32.) Blackburn was terminated before he had the chance to submit an application for LTD and/or use any additional accrued paid time off. (FAC ¶ 34.)

On June 23, 2015, Blackburn filed a charge against GPC with the EEOC alleging disability discrimination and retaliation. (FAC ¶ 41.) On November 5, 2015, the EEOC responded that it was unable to make a determination regarding GPC's alleged violation and issued Blackburn a notice of his right to sue. (MTD Ex.4 at 2; FAC ¶ 42.) Within ninety days of receiving the letter, Blackburn timely filed the current suit on February 1, 2016. (FAC at 12; Resp. at 4.) Blackburn's original complaint was filed pro se and alleged discrimination and retaliation under the ADA (Counts I and II) and intentional infliction of emotional distress under Illinois state law (Count III). (Compl. at 14; MTD Memo at 2.) GPC moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 15, 2016. (MTD Memo at 2.) The Court then granted Blackburn leave to file an amended complaint on November 15, 2016. He subsequently filed his First Amended Complaint on December 6, 2016.[1] (MTD Memo at 2-3.) GPC now moves to dismiss three of the claims in Blackburn's first amended complaint.

---

[1] GPC seems to take issue with the fact that Blackburn adds claims under FMLA and ERISA in his Amended Complaint. Rule 15(a) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. Courts should freely give leave when justice so requires." Fed. R. Civ. P. 15. This Court, subject to its broad discretion, granted Blackburn leave to amend his original complaint on November 15, 2016 to allow Blackburn's appointed counsel to cure deficiencies in the complaint that had originally been filed *pro se*. As the Court has already granted this leave, and the Amended Complaint has already been filed, GPC must show some failure—"undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or [that] the amendment would be futile"—if it wishes to argue that this First Amended Complaint should now be dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015), *reh'g denied* (Aug. 3, 2015) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir.2008)); *see also, Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 557 (7th Cir. 2004) ("[A]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.") GPC does not show such a failure.

## LEGAL STANDARD

To survive a 12(b)(6) challenge, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* More specifically, a plaintiff's complaint need only provide as much detail as needed "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). However, "legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to meet this standard. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal,* 556 U.S. at 678). In making the plausibility determination, the Court relies on its "judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 679). The complaint should be dismissed only if the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *Christensen v. Cty. of Boone, IL*, 483 F.3d 454, 458 (7th Cir. 2007) (citations omitted). The Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## DISCUSSION

GPC moves to dismiss Counts I, III, and IV, pursuant to Rule 12(b)(6) for failure to state a claim. (MTD.) GPC argues first, Blackburn's ADA claim was not timely because his 2015 EEOC charge was simply a re-allegation of his 2014 EEOC charge; second, that Blackburn has not sufficiently alleged that reinstatement to his original position is a benefit that should be

4

afforded him under the FMLA; and third, that Blackburn has not sufficiently alleged that his past or planned use of ERISA benefits was the motivating factor behind his termination. (MTD Memo; Reply Br.)

**1. COUNT I: Failure to Accommodate under the ADA**

a. *Timeliness*

GPC argues that Blackburn's ADA claim is untimely based on Blackburn's 2013 injuries. (MTD Memo at 8-10.) While Blackburn references his earlier disability and injuries in the Amended Complaint (FAC ¶¶ 9-15, 19-23, 44), his cause of action is based on his disability resulting from his October 2014 accident and his subsequent 2015 EEOC charge and right to sue letter. "[E]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Although, "acts are not actionable if time barred," which the 2014 EEOC charge undisputedly is, employees may still file charges "about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed," which the 2015 EEOC charge undisputedly is. *Id.* Furthermore, employees are not barred from "using the prior acts as background evidence in support of a timely claim." *Id.*; *see also Mathewson v. Nat'l Automatic Tool Co.*, 807 F.2d 87, 91 (7th Cir. 1986) ("[I]t is well settled that evidence of earlier discriminatory conduct by an employer that is time-barred is nevertheless entirely appropriate evidence to help prove a timely claim based on subsequent discriminatory conduct by the employer."); *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 747 (7th Cir. 2002) (same); *see also, e.g., Sams v. City of Chicago*, No. 13 CV 7625, 2014 WL 6685809, at *4 (N.D. Ill. Nov. 25, 2014) ("The question is not whether the [later] allegations 'transform' the untimely [earlier]

claim into a timely one; it is whether the [later] allegations themselves state a claim for discrimination.").

GPC argues that Blackburn's 2015 EEOC charge itself was not timely filed because it merely re-alleges the same claims as Blackburn's 2014 EEOC charge. But the 2015 charge is based on an October 2014 injury that occurred after he filed his 2014 charge[2]. Blackburn alleges retaliation for an injury that had not yet occurred as of the filling of his first EEOC charge. *See e.g.*, *Freeman v. Travelers Companies, Inc.,* 63 F. Supp. 3d 867, 873 (N.D. Ill. 2014) (when second charge included facts that occurred *after* the first charge, the charge was not a "mere re-allegation"); *c.f. Blalock v. Bethesda Lutheran Homes and Services, Inc*., 2002 WL 31833693 at *2 (N.D. Ill. Dec. 16, 2002) (dismissing the claim where plaintiff conceded that the second charge, based on the same dates of discrimination, was actually a modification of the first charge); *Giovanni v. Megabus USA, LLC*, No. 14 C 3195, 2015 WL 6449133, at *3 (N.D. Ill. Oct. 23, 2015) (dismissing the claim "[b]ecause the Court finds that the Second EEOC Charge is based on the same facts and adverse employment event as her First EEOC Charge"). Because Blackburn filed his first complaint within ninety days of receiving his notice of right to sue based on his 2015 EEOC charge, the Court considers this case timely filed. The earlier injury that formed the basis of the first charge is no longer actionable, but Blackburn may still include those facts in his Complaint as background.

b. *Failure to State a Claim*

GPC additionally argues that Blackburn has not sufficiently alleged that he requested accommodation or that he was denied accommodation. (Reply at 2-3.) To establish a claim for failure to accommodate a plaintiff must show that: "(1) he is a qualified individual with a

---

[2] The Amended Complaint does not state the date that Blackburn filed his charge but states the date that he received the right to sue letter, August 14, 2014, (FAC ¶ 23). He must have filed the charge, therefore, before the October 2014 injury.

6

disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 682 (7th Cir. 2014) (citing *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

Blackburn is a qualified individual with a disability under the ADA. 42 U.S.C.A. § 12102. He alleges that his "physician diagnosed him with a leg contusion and a hernia, which substantially limited Plaintiff in substantial life activities, including, but not limited to, working and mobility." (FAC ¶ 26.) Because this diagnosis "substantially limits" major life activities, 42 U.S.C.A. § 12102(1)(A), and because he alleges that that there is a record diagnosis, 42 U.S.C.A. § 12102(1)(B), he qualifies as disabled under the ADA. GPC also was "aware of [his] disability" because Blackburn began an STD and FMLA leave following the injury. *Bunn*, 753 F.3d at 682.

There may be some dispute as to whether Blackburn's request for time off to recover from his accident amounts to a requested accommodation. The ADA covers accommodations that allow employees to "perform the essential functions of the employment position. Not working is not a means to perform the job's essential functions." *Hamm v. Exxon Mobil Corp.*, 223 F. App'x 506, 508-09 (7th Cir. 2007) (quoting *Byrne v. Avon Prod., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003)) ("Attendance is an essential aspect of most jobs."). Short, definite periods of time off are distinguishable from indefinite periods of time off in determining whether time off itself amounts to an accommodation under the ADA. *Byrne,* 328 F.3d at 381 ("Time off may be an apt accommodation for intermittent conditions," but "[i]nability to work for a multi-month period removes a person from the class protected by the ADA.") Blackburn alleges that he is entitled to accommodation, "including, but not limited to," additional time off (FAC ¶ 47), but he does not specifically allege how much additional accrued time he planned to use, whether he intended to apply for LTD, and/or what specific accommodation would allow him to continue to

7

work. Nevertheless, taking all reasonable inferences in his favor, Blackburn states a claim because he alleges that he was disabled, that he was entitled to additional time off, GPC was aware of the disability, and GPC would not provide such accommodation.

Furthermore, when "notice is ambiguous as to the precise nature of the disability or desired accommodation, but it is sufficient to notify the employer that the employee may have a disability that requires accommodation, the employer must ask for clarification." *Sears, Roebuck & Co.*, 417 F.3d at 804. In fact, "the ADA and its implementing regulations require that the parties engage in an interactive process to determine what precise accommodations are necessary." *Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996). In particular, an employer must "engage in a flexible give-and-take with the disabled employee" such that a reasonable accommodation may be identified that "would enable the employee to continue working." *Sears, Roebuck & Co.*, 417 F.3d at 805; 29 C.F.R. § 1630.2(o)(3). GPC apparently had only one interaction with Blackburn over the course of his rehabilitation. (FAC ¶ 33). GPC gave Blackburn only two days' notice before termination and did not allow him to use additional accrued leave or apply for LTD. (FAC ¶ 33-34.) GPC's interactions with Plaintiff appear to have been one-sided and do not result in the kind of "give-and-take" required under the ADA. *See Beck*, 75 F.3d at 1137.

### 2. COUNT III: Interference under the FMLA

GPC contends that Blackburn does not have a viable interference claim because GPC granted him the full twelve-week allotment of leave available under the statute. 29 U.S.C.A. § 2612(a)(1)(D) ("[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for . . . a serious health condition that makes the employee unable to perform the functions of the position of such employee.") But this is not the criterion for an interference claim.

> To state a claim for FMLA interference, the plaintiff must allege the following: (1) the employee was eligible for FMLA protection; (2) the employer was covered by the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee provided sufficient notice of his intent to take FMLA leave; and (5) the employer denied the employee FMLA benefits to which he or she was entitled.

*Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010). Blackburn sufficiently alleged each of the elements. (*See* FAC ¶ 59-67.) With regard to the fifth element, Blackburn alleges that the specific right he was denied under the FMLA was the right to return to work. 29 U.S.C.A. § 2614(a)(1); 29 C.F.R. § 825.214 ("On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment."). Of course, "[a]n employee's right to reinstatement is not absolute." *Goelzer*, 604 F.3d at 993; 29 C.F.R. § 825.216. Nevertheless, "[f]iring an employee to prevent her from exercising her right to return to her prior position can certainly interfere with that employee's FMLA rights." *Simpson v. Office of Chief Judge of Circuit Court of Will Cty.*, 559 F.3d 706, 712 (7th Cir. 2009). At this stage, without the benefit of discovery, it is unclear whether GPC terminated Blackburn because he exercised his right to take FMLA leave, but the allegations are sufficient to state a claim. *Goelzer,* 604 F.3d at 993.

### 3. COUNT IV: Interference under ERISA

Finally, GPC argues that Blackburn's ERISA claim fails because he did not allege that GPC specifically intended to deprive Blackburn of his benefits. (MTD Memo at 11.) To succeed on an ERISA claim, a plaintiff must establish that "(1) [he] is a member of an ERISA plan; (2) [he] was qualified for the position; and (3) [he] was discharged under circumstances that provide some basis for believing that [the defendant] intended to deprive [him] of benefits." *Kampmier v. Emeritus Corp.,* 472 F.3d 930, 943 (7th Cir.2007) (internal quotations omitted). GPC does not dispute that STD, LTD, and health insurance all qualify as ERISA plans, and does not dispute that Blackburn was qualified for the position. But GPC contends that Blackburn fails to sufficiently allege that GPC had the requisite "specific intent of interfering with his benefit rights." *Teumer v. Gen. Motors Corp.*, 34 F.3d 542, 550 (7th Cir.1994). An employee cannot merely claim the loss of benefits based on an employer's action. *Isbell v. Allstate Ins. Co.*, 418 F.3d 788, 796 (7th Cir. 2005). The "intent to frustrate the attainment of benefits must have been *at least a motivating factor* for the adverse action against the plan participant[.]" *Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 826 (7th Cir. 2014). Similar to the FMLA analysis, by alleging that Blackburn had insufficient notice of the availability of his rights, differential treatment compared to other employees, and that GPC deviated from normal business practices, Blackburn sufficiently alleged that GPC intended to interfere with his ERISA benefits. (FAC ¶¶ 34-35, 38.).

## **CONCLUSION**

For the reasons stated herein GPC's Motion to Dismiss is denied with respect to Counts I, III, and IV of Blackburn's first amended complaint. (Dkt. 46.)

Date: 4/10/2017

Virginia M. Kendall
U.S. District Court Judge